Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2679 | **DATE** | 3/12/2001 |
| **CASE TITLE** | Pactiv vs. S.C. Johnson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. On or before March 15, 2001, defendants are to make an additional written submission concerning the mattes left open by this memorandum opinion. Taxation of costs is deferred pending the Court's receipt of that submission.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 14 2001 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PACTIV CORP., )
                                )
          Plaintiff, )
                                )
vs. ) Case No. 98 C 2679
                                )
S.C. JOHNSON & SON, INC. and )
KCL CORP., )
                                )
          Defendants. )

## MEMORANDUM OPINION AND ORDER

DOCKETED MAR 1 4 2001

MATTHEW F. KENNELLY, District Judge:

On November 27, 2000, the Court granted summary judgment in favor of defendants in this patent infringement action. *See Pactiv Corp. v. S.C. Johnson, Inc.*, No. 98 C 2679, 2000 WL 1898839 (N.D. Ill. Nov. 29, 2000). The case is now before the Court on plaintiff's objections to defendants' bill of costs.[1]

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The taxable costs which may be recovered are specified in 28 U.S.C. §1920 and include: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers "necessarily" used in the case; (5) docketing fees; and (6) compensation of court appointed exerts and interpreters. Pactiv does not dispute the request for reimbursement of

---

[1] Though Pactiv's appeal is before the Federal Circuit, that court reviews cost awards in accordance with the law of the regional circuit in which the district court sits. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996).

witness fees of $14,689.36, or $425.00 for fees of interpreters, but it does dispute defendants' request for court reporter fees and charges for copying documents and preparing and presenting exhibits.

### Fees of the Clerk

Defendants seek reimbursement for $200 in payments they made to the Clerk for the applications for admission *pro hac vice* of two out-of-state attorneys. The Court does not believe that these fees are properly taxable. The fees were not a necessary expense of litigation but rather were for the convenience of counsel. Defendants had a number of attorneys of record who were members of the Illinois and Northern District bars; those were the primary attorneys who participated in hearings before the Court. It was unnecessary for them to have two more attorneys admitted *pro hac vice*. The Court declines to award these costs. *See International Oil, Chemical & Atomic Workers, Local 7-517 v. Uno-Ven Co.*, No. 97 C 2663, 1998 WL 895557, at *4 (N.D. Ill. Dec. 14, 1998); *Romero v. United States*, 865 F. Supp. 585, 594 (E.D. Mo. 1994).

### Court reporter fees

In response to Pactiv's objections to defendants' original request for reimbursement of $34,478.91 in fees paid to court reporters, defendants have reduced their request to $23,927.24. Only one matter remains legitimately in dispute: defendants' request for $325.20 for condensed copies of transcripts. If the condensed copies had been obtained as extra copies of transcripts for the convenience of counsel, these charges would not be recoverable costs. "[C]ourts may not tax the costs of transcripts of depositions provided merely for the convenience of the requesting attorney." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir.1993). *See EEOC v. Yellow Freight Systems, Inc.*, No. 98 C 2725, 1999 WL 965854, at *3 (N.D. Ill. Oct. 14, 1999) (denying reimbursement

2

for costs of ASCII disk version of deposition transcript); *Fields v. General Motors Corp.*, 171 F.R.D. 234, 236-37 (N.D. Ill. 1997) (disks and condensed-type copies). However, the condensed-type copies appear to have been the only copies that defendants ordered of the depositions in question. Defendants were certainly entitled to have a copy of each deposition, and the rate they paid does not appear to exceed the per-page amount approved by the Administrative Office for copies of transcripts. The Court agrees with defendants that these costs are recoverable.

In sum, the Court awards defendants $23,927.24 for fees of court reporters.

### Exemplification and copying costs

Defendants' request for reimbursement of copying costs may be broken down into several categories: internal copying costs of the law firm of Foley & Lardner; internal copying costs of the law firm of Marshall, O'Toole, Gerstein, Murray & Borun ("Marshall, O'Toole"); outside copying costs of Foley & Lardner; outside copying costs of Marshall, O'Toole; costs of exhibits and graphics; costs of animations; and costs of copying patents. We address each category in turn.

1.  **Foley & Lardner internal copying costs**

Defendants seek recovery of $14,147.70 paid to Foley & Lardner for copies made at the law firm, at the rate of $0.15 per page. "[C]harges for in-house reproduction may not exceed the charges of an outside print shop." *Haroco, Inc. v. American National Bank & Trust Co.*, 38 F.3d 1429, 1441 (7th Cir. 1994) (quoting *Martin v. United States*, 931 F.2d 453, 455 (7th Cir.1991)). The amounts charged by outside vendors to Foley & Lardner in connection with this case appear to have ranged from $0.10 to $0.195 per page, with most of the bills toward the high end of that

3

range. The charges to Marshall, O'Toole from outside vendors ranged from $0.10 to $0.15 per page, with most of the bills at or above $0.12 per page. Under the circumstances, the Court finds that the requested rate of $0.15 is reasonable.

The amount requested represents about one-third of the total copying charges of $42,508.95 that Foley & Lardner billed to defendants. The reduction was made in order to account for the fact that a significant percentage of the firm's copying costs were for extra copies of pleadings, research materials, and correspondence, which are not considered to be "necessarily obtained" and thus are not recoverable costs. Recognizing that a prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible to recover photocopying costs," *Northbrook Excess & Surplus Insurance Co. v. Procter & Gamble Co.*, 924 F.3d 633, 643 (7th Cir. 1991), the Court agrees with defendants that they need not make a copy-by-copy analysis in order to recover in this case and that a proportional approach is reasonable. However, the Court does not believe that the proposed two-thirds reduction is sufficient to account for non-compensable costs. The largest element of the copying expense in this case was incurred in copying complete sets of the documents produced by the parties in discovery. But that work was done via outside vendors. The vast majority of the in-house copying likely consisted not of making the necessary (for filing and service) and thus appropriately compensable copies of items filed with the Court, but rather of copying items for the convenience of counsel, including further copies of produced documents, extra copies of deposition transcripts, and multiple copies of court filings for the eight to ten (or more) attorneys involved in representing defendants; copies of drafts of court filings for review by those attorneys prior to finalization and filing; and copies of research materials. None of these

4

expenses are compensable under §1920. *See, e.g., Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 722 (N.D. Ill. 1982); *Baxter International, Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, at *1-2 (N.D. Ill. Mar. 3, 1998). The Court believes that four-fifths is a more appropriate reduction of Foley & Lardner's in-house charges, and that the resulting amount, $8,502 (representing the cost of copying over 56,000 pages), is a reasonably accurate estimate of the properly compensable costs.

### 2. Marshall, O'Toole internal copying costs

Defendants seek recovery of $10,337 in internal copying charges billed to them by the Marshall, O'Toole firm. This represents about one-half the total of $20,673.35 that the firm billed to defendants. The affidavit submitted by lead counsel from Marshall, O'Toole confirms that a significant proportion of the amount billed represents non-compensable costs such as extra copies of pleadings, produced documents, and other items. *See* O'Toole Aff. at 3. The charges were for the most part billed at $0.10 per page, which the Court finds was a reasonable amount. As with Foley & Lardner's copying costs, the Court believes that a four-fifths reduction, to $4,135 (representing the cost copying around 40,000 pages), yields a better estimate of the recoverable costs.

### 3. Marshall, O'Toole outside copying costs

In their reply, defendants reduced to $15,782.11 the amount they requested to reimburse the charges that Marshall, O'Toole paid to outside vendors for photocopying (the amount originally requested was $46,482.88). The reduced amount essentially represents one-half the cost of copying documents produced by defendant S.C. Johnson pursuant to Pactiv's discovery requests. Marshall, O'Toole obtained four copies of the documents: one for Pactiv, one for

5

Foley & Lardner, and two for itself – a numbered set and a "working set." In reducing their request, defendants contend that they should be entitled to recover the cost of a set of copies for Pactiv and one set for the use of defendants' counsel.

Under ordinary circumstances, charges for making copies of a party's produced documents for its own counsel are not recoverable as costs; the party has the original of the documents, and thus making a copy for its counsel is a matter of convenience, not necessity (the touchstone of recovery under §1920). *See, e.g., Sharp v. United Airlines, Inc.*, 197 F.R.D. 361, 362-63 (N.D. Ill. 2000) (citing cases). In *Haroco*, the Seventh Circuit affirmed the district court's denial of reimbursement of an extra set of a party's documents for its attorneys, but in that case the number of documents produced appears to have been relatively modest (the district court had reduced costs by $1,000 to account for the extra set), and there was no indication that the extra set was at all necessary. 38 F.3d at 1441. The Court concludes that there is no hard-and-fast rule that a set of copies of a party's documents for its own attorneys' use is not "necessarily obtained for use in the case," as §1920(4) requires. The touchstone is necessity; what is necessary in a complex case may differ from what is necessary in a simple case. The Court is persuaded that in the particular circumstances of this case – particularly the massive number of documents requested by Pactiv and produced by defendants, and the need to repeatedly use and photocopy those documents in connection with the claim construction hearing, multiple discovery-related disputes, and the extensive summary judgment motions and briefs that were filed – it was in fact necessary for defendants to have an extra "working set" of their own documents. We therefore approve the reduced request of $15,782.11, which is a reasonably accurate estimate of the cost of two sets of the documents. *Accord, Eastern Trading*

*Co. v. Refco, Inc.*, No. 97 C 6815, 1999 WL 529569, at *4 (N.D. Ill. July 20, 1999).

4.   **Foley & Lardner outside copying costs**

Defendants request recovery of $40,914.29 charged to Foley & Lardner for "copying of discovery documents by outside vendors." Dasso Affid. at 2. Of this, $22,846.39 represents the cost of making the set of copies actually produced to Pactiv; Pactiv agrees this amount is properly recoverable. It is not clear to the Court what the remainder represents, and defendants have shed little light on this in their submission. If the remainder represents the cost of copying a single extra set of the produced documents, that cost is recoverable for the reasons stated in the previous section – unless, of course, these are the same documents for which the Court has already awarded Marshall, O'Toole's costs. Defendants are only entitled to recover the cost of making one "working set" of the copies of the documents they produced. The fact that they chose to be represented by two outside law firms does not make extra sets of documents necessary within the meaning of §1920.[2]

The Court directs defendants to provide the Court, within three days of this order, a supplemental affidavit and any other materials necessary to identify what the remainder of Foley & Lardner's copying charges represent.

5.   **Foley & Lardner exhibit preparation costs**

Defendants seek to recover $54,045.29 (reduced from their original request for $68,219.99) for the costs of preparing exhibits for the claim construction hearing, presenting

---

[2] If the two defendants had been separately represented, the Court might be inclined to award them the costs of making a set for each defendant's attorney. However, defendants were at all times jointly represented by Foley & Lardner and Marshall, O'Toole.

those exhibits at the hearing, and preparing exhibits for trial.

### a. Trial exhibits

The Court agrees with Pactiv that defendants may not recover the $7,016.75 that they incurred in preparing exhibits for trial. No trial was held, of course, because the Court granted summary judgment for defendants. Defendants contend that they should nonetheless by able to recover the costs of preparing trial exhibits because these expenses were "necessary" at the time – they did not know if summary judgment would be granted – and to deny those costs effectively would penalize them for preparing early.

Trial was set for February 12, 2001. The parties' summary judgment motions were fully briefed as of October 27, 2000, and the Court had previously advised the parties at a status hearing that it would rule on summary judgment within thirty days after the motions were fully briefed, so that the parties would have adequate time to prepare for trial if summary judgment was denied. Thus defendants were assured that they would have nearly two and one-half months to prepare for trial after the Court's ruling on summary judgment. Under the circumstances, defendants' argument that it would be unreasonable to "expect that [defendant] would have put off preparing for trial in a case of this magnitude *until the last minute*," see Dfdt. Reply at 8 (emphasis added), rings fairly hollow – two and one-half months before trial can hardly be considered the "last minute," even in a complex case like this one.

In sum, defendants have failed to persuade the Court that their extra-early preparation of trial exhibits was "necessary," as opposed to a matter of convenience for their attorneys, and thus they are not entitled to reimbursement of the cost of preparing those exhibits.

### b. Exhibits for claim construction hearing

Defendants also seek to recover $47,028.54 in connection with preparation and presentation of exhibits for the claim construction hearing. This represents the costs of enlarging exhibits and presenting exhibits at the hearing via a multi-media presentation.

Both parties used multi-media presentations at the hearing. The Seventh Circuit has recently held that the costs of presenting exhibits in this manner may be recoverable under §1920. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). In *Cefalu*, the court overturned a district judge's determination that only the cost of producing an exhibit was recoverable. It declined to draw a line between the cost of producing an exhibit and the cost of presenting it to a court, stating that the means of presentation may further the illustrative purpose of the exhibit, and if so the cost of presentation is potentially compensable under §1920. As the court stated, "[t]his approach allows appropriate room for the more sophisticated types of multi-media presentations made possible by technological advances." *Id.*

The fact that such costs may fall within the statutory definition, however, does not make them recoverable; the Court must still determine whether the items were "necessarily obtained for use in the case." *Id.;* 28 U.S.C. §1920(4). The Seventh Circuit stated in *Cefalu* that in making this determination, a district court should consider "whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. In other words, was the exemplification vital to the presentation of the information, or was it merely a convenience or, worse, an extravagance?" *Id.* at 428-29.

The Court does not wish to discourage litigants from using up-to-date technology or from experimenting with exhibit presentation techniques. But the question is not whether use of up-to-date technology is a good idea, but whether it can be added to the losing party's tab once the

9

case is concluded. In this case, the only aspects of the parties' presentations that were truly necessary (or even helpful) and thus consistent with *Cefalu's* standard were the parties' enlarged diagrams of the patent figures, the various devices discussed at the hearing, and the concept of "rolling," as well as their animations showing how the rib-and-groove elements of the device described in the patent, and those used in defendants' device, actually operated. The Court concludes that only the costs associated with preparing and presenting those particular items meet the criteria set forth in §1920(4) and *Cefalu*. The remainder of what was done cannot reasonably be considered to have been "vital" or even necessary; the evidence was being presented just to one judge, not to eight or twelve jurors, and it was neither complicated nor voluminous.

Defendants' submission does not permit the Court to determine what portion of the amount claimed for preparation and presentation of exhibits at the claim construction hearing is properly allocable to the items we have concluded are subject to reimbursement under the statute. Presumably this would consist of the cost of preparing any such items in question, and some reasonable proportion of the cost of using the multi-media system that was employed to present those items. The Court directs defendants to make, within three days of entry of this order, a written submission providing the necessary breakdown. Following receipt of that submission, the Court will finalize the award of costs.

### 6. Marshall, O'Toole exhibit preparation costs

Finally, defendants request reimbursement of $40,800 spent to prepare animations and graphics of various devices at issue in this case. Pactiv argues that these costs are not recoverable because defendants' own expert, Dr. Hassan Nagib, rejected the representations as

10

inaccurate, and they were never used before the Court. Defendants respond that the unused animations were used by Dr. Nagib to assist in preparing the animations that actually ended up being used at the claim construction hearing and in connection with the summary judgment motions. Even if that is so, there is nothing in the record that establishes that the unused representations were "necessarily obtained for use in the case," a prerequisite to recovery under §1920. *See Cefalu,* 211 F.3d at 428; 28 U.S.C. §1920(4). The Court denies reimbursement of these costs.³

### 7. Costs of copying patents

Pactiv does not object to defendants' recovery of $938.00 for photocopying prior art patents used in the case.

### 8. Summary of recoverable copying costs

In sum, the following amounts claimed for exemplification and copying are properly recoverable as costs: $8,502 for Foley & Lardner's internal copying charges; $4,135 for Marshall, O'Toole's internal charges; $15,782.11 for Marshall, O'Toole's outside charges; $938 for copying prior art patents; and amounts as yet undetermined for Foley & Lardner's outside copying charges and for preparation and presentation of exhibits at the claim construction hearing.

---

³ Moreover, under the circumstances, granting recovery of these costs effectively would amount to awarding reimbursement for the cost of the research and analysis used in preparing the exhibits that were actually used, which is a non-recoverable cost. *See Cefalu,* 211 F.3d at 427 n.5 (citing *Zuill v. Shanahan,* 80 F.3d 1366, 1371 (9th Cir.1996) and *In re Air Crash Disaster at John F. Kennedy International Airport,* 687 F.2d 626, 631 (2d Cir.1982)).

11

## CONCLUSION

On or before March 15, 2001, defendants are to made an additional written submission concerning the matters left open by this Memorandum Opinion. Taxation of costs is deferred pending the Court's receipt of that submission.

*[signature]*
MATTHEW F. KENNELLY
United States District Judge

Date: March 12, 2001